DLD-079                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4528
_____

IN RE:  ARTHUR D'AMARIO,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 1-12-cv-06098)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 28, 2012

Before:  AMBRO, SMITH and CHAGARES, Circuit Judges

(Opinion filed: January 14, 2013)
_____

OPINION
_____

PER CURIAM

Arthur D'Amario petitions for a writ of mandamus directing the United States

District Court for the District of New Jersey to act on his motions to proceed in forma

pauperis and for a temporary restraining order (TRO).  For the reasons below, we will

deny the petition.

D'Amario is serving three years of supervised release after completing a sentence

of 84 months in prison for threatening a federal judge.  See United States v. D'Amario,

330 F. App'x 409 (3d Cir. 2009). On October 1, 2012, D'Amario filed a civil rights complaint against a probation officer. D'Amario requested that: (1) the Defendant be temporarily and permanently restrained from removing him from his hotel before October 17, 2012; (2) the Government buy a plane ticket so that he may visit his mother in Arizona; and (3) the Defendant be temporarily and permanently restrained from banishing him from Rhode Island and be ordered to arrange affordable housing for D'Amario. Attached to his complaint was a motion for a TRO requesting that Defendant be restrained from removing him from his hotel and be ordered to pay D'Amario's rent until October 17, 2012. A few days later, on October 6, 2012, D'Amario withdrew his motion for a TRO.

On November 16th, D'Amario filed another motion for a TRO requesting that the Defendant be restrained from evicting him from his hotel and from interfering with his visit to his mother. On November 30th, D'Amario filed an amended complaint. He again requested that the Defendants be temporarily and permanently restrained from interfering with his travel to Arizona. He also requested that the defendants be temporarily and permanently restrained from acting on false and privileged communications divulged by his attorneys to law enforcement.

On December 19, 2012, D'Amario filed this mandamus petition requesting that we order the District Court to adjudicate his motions to proceed in forma pauperis and for a TRO. A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary

2

circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Generally, mandamus relief is used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943).

Here, D'Amario does not have an alternative remedy to direct the District Court to act on his pending motions. However, the delay in this case has not risen to the level of an extraordinary circumstance. We are confident that the District Court will act on D'Amario's motion to proceed in forma pauperis in a timely manner and, if it grants the motion, screen the complaint under 28 U.S.C. § 1915(e)(2), and adjudicate the TRO.[1] Accordingly, we will deny the mandamus petition.

---

[1] Normally, we might be concerned that a request for a TRO had not been acted on for several weeks. (While D'Amario states that the motions have been pending since September 27th, he withdrew his motion for a TRO and filed another on November 16th.) Here, however, D'Amario is challenging the conditions of his supervised release and has already filed a counseled motion in his criminal case to transfer his supervised release to Rhode Island. The motion was denied because Rhode Island did not concur in the transfer.